IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL ALOIS ADAMSKI,

                                OPINION AND ORDER

                Petitioner,

                                  19-cv-782-bbc

      v.

REED A. RICHARDSON,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Paul Alois Adamski has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2008 judgment of conviction entered by the Circuit Court for Outagamie County, Wisconsin, for repeated sexual assault of a child, child enticement and incest and two counts of third-degree sexual assault of a child, in Case No. 2008CF268. The petition is before this court for screening pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss the petition if it "plainly appears" that petitioner is not entitled to relief. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

        In conducting this review, I have considered the petition and its attachment, online state court records and the decision of the Wisconsin Court of Appeals on

1

petitioner's postconviction motion. <u>State v. Adamski</u>, 2018 WI App 62, 384 Wis. 2d 270, 921 N.W.2d 15. (The Wisconsin Court of Appeals' decision on petitioner's direct appeal is not available online.)

For the reasons that follow, I conclude that petitioner must file an amended petition before this case may proceed further. Some of petitioner's claims clearly lack merit and others appear to have been procedurally defaulted. Therefore, I will give petitioner the opportunity to amend his petition to omit meritless claims, clarify his other claims and explain which claims he has exhausted in state court.


## BACKGROUND

In 2008, petitioner was charged with one count each of first-degree sexual assault of a child, child enticement and incest and three counts of third-degree sexual assault of a child. Following a jury trial, petitioner was convicted of repeated sexual assault of a child, child enticement and incest and two counts of third-degree sexual assault of a child. The circuit court sentenced petitioner to 45 years of prison confinement and 25 years of extended supervision. Petitioner's counsel filed a no-merit report with the Wisconsin Court of Appeals, and the court of appeals summarily affirmed petitioner's conviction, finding no arguable merit to any issue that might be raised on appeal. <u>State v. Adamski</u>, No. 2010AP2190 (WI App Dec. 12, 2012) (unpublished).

Petitioner filed a postconviction motion, arguing that his conviction should be reversed and he was entitled to a new trial because the trial judge was disqualified from

presiding in his criminal case because of a financial interest in the matter. Petitioner then filed a motion asking the trial judge to recuse himself from handling his postconviction motions. Petitioner stated that the judge was biased against petitioner because the judge received money for teaching the Appleton police about updates in the law and received money from the Wisconsin Department of Corrections under a lease of a commercial building owned by the judge. For the next several years, petitioner continued to file letters, briefs, motions, supplements and exhibits in support of his bias claim and recusal request. In August 2016, the circuit court denied all of petitioner's postconviction motions without a hearing. Petitioner appealed, and the Wisconsin Court of Appeals affirmed. State v. Adamski, 2018 WI App 62, ¶ 1, 384 Wis. 2d 270, 921 N.W.2d 15, review denied, 2018 WI 111, ¶ 1, 384 Wis. 2d 466, 922 N.W.2d 297.

Petitioner filed a habeas petition in this court on September 16, 2019.


OPINION

Petitioner raises more than fifty grounds for relief in his petition. Many of them are difficult to understand or are conclusory and presented with little or no factual support. Most of petitioner's arguments appear to fall into one of the following categories:

1) The trial judge was biased against petitioner because the judge had financial relationships with parties interested in the outcome of trial.

2) The trial judge erroneously permitted evidence of petitioner's prior bad acts.

3) The trial judge relied on improper evidence at sentencing.

4) The state took materials from petitioner's cell unlawfully.

5) The state failed to turn over exculpatory evidence and impeachment materials relating to witnesses and the victim.

6) The prosecutor engaged in misconduct during opening and closing arguments and when he threatened petitioner's wife.

7) Petitioner's trial counsel was ineffective for failing to object to unfair evidence and argument, prepare for direct examination, impeach witnesses, argue for dismissal of petitioner's case, argue against joinder of cases and object to the jury instructions.

8) Postconviction and appellate counsel was ineffective for filing a no-merit petition and disregarding petitioner's arguments.

Some of petitioner's arguments raise potential constitutional claims that could support habeas relief. However, because the petition is so long and difficult to follow, I cannot determine which claims have potential merit. Additionally, I cannot determine which claims petitioner exhausted in state court. The law requires a state prisoner to fully exhaust his claims by presenting them at all levels of review in the state courts before raising them in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A). When the petitioner has already pursued state court remedies but failed to properly present a claim to the state courts along the way, that claim is barred by the doctrine of procedural default. Perruquet v. Briley, 390 F.3d 505, 514 (7th Cir. 2004).

Petitioner does not say whether he exhausted any of his claims. I can determine from state court records that petitioner exhausted his claims regarding the trial judge's

alleged bias and impartiality. Petitioner raised those claims in his postconviction motion under § 974.06, and the court of appeals rejected the claims on the merits. Therefore, I can consider those claims in a habeas petition. However, those claims are clearly without merit. A criminal defendant's right to due process includes the right to an impartial judge, Harrison v. McBride, 428 F.3d 652, 669 (7th Cir. 2005), but the Wisconsin Court of Appeals concluded reasonably that petitioner failed to submit any evidence showing that the trial judge was not impartial. As the court of appeals explained, the trial judge did not receive any money from any party in petitioner's case and the trial judge's relationships with the police department and Department of Corrections were ordinary and longstanding relationships that were not dependent on the outcome of petitioner's trial. State v. Adamski, 2018 WI App 62, ¶¶ 13-20. Therefore, petitioner's claims regarding the alleged bias of the trial judge do not support habeas relief.

As for his other claims, it is not clear whether petitioner raised any of them in state court. On direct appeal, petitioner's appellate counsel filed a no-merit brief with the court of appeals. A review of online court records shows that petitioner responded to the no-merit brief, but it is not clear what arguments petitioner raised in his response or whether the court of appeals addressed them. Any arguments that petitioner failed to raise in response to his no-merit petition *and* subsequent petition for review with the Supreme Court are unexhausted and could not be raised on appeal now. Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014) (to properly raise issue on habeas review, petitioner must have fairly presented the issue through one complete and round of state

court review).  Moreover, because petitioner could not now raise any of these claims in state court, the claims would be procedurally barred from habeas review.  <u>Perruquet</u>, 390 F.3d at 514.

In light of these problems, petitioner must file an amended petition before I will review the petition further.  In his amended petition, petitioner should do the following:

- Organize his claims into the categories identified above, omitting any claims based on the trial judge's alleged impartiality (category 1).

- Provide basic facts to support each claim.  The facts must suggest that petitioner's constitutional rights were violated and that his conviction or sentence violates the constitution.

- Omit any claims relating solely to state court law or procedure.  <u>Arnold v. Dittmann</u>, 901 F.3d 830, 835 (7th Cir. 2018) ("[E]rrors of state law are not cognizable on habeas review.").

- For each claim, state whether he raised the claim in his response to appellate counsel's no-merit brief and in his petition for review to the Wisconsin Supreme Court or in his postconviction motion under § 974.06.

- For any claim that petitioner did not raise in his no-merit response, petition to the supreme court or postconviction motion, petitioner must explain why he did not raise the claim earlier, or why this court's dismissal of the claim would result in a fundamental miscarriage of justice.  <u>Schlup v. Delo</u>, 513 U.S. 298, 315 (1995).

If petitioner files an amended petition, I will review it under Rule 4 of the Rules Governing Section 2254 Cases to determine whether the state should respond to any of petitioner's claims.  If he fails to file an amended petition, this case will be dismissed.

ORDER

IT IS ORDERED that petitioner Paul Alois Adamski may have until March 20, 2020 to file an amended petition that addresses the problems set forth in this order. If petitioner does not file an amended petition by March 20, I will dismiss this case for petitioner's failure to comply with a court order.


Entered this 28th day of February, 2020.


BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge