IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL ALOIS ADAMSKI,

                                           OPINION AND ORDER

              Petitioner,

                                              19-cv-782-bbc

    v.

REED A. RICHARDSON,

              Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Paul Alois Adamski has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2008 judgment of conviction for repeated sexual assault of a child, child enticement and incest and two counts of third-degree sexual assault of a child. In a previous order, I permitted petitioner to proceed with two claims: (1) his postconviction/appellate counsel was ineffective for filing a no-merit appeal that failed to challenge the state's <u>Brady</u> violations, failed to challenge the effectiveness of trial counsel in preserving the <u>Brady</u> claims and failed to challenge the state's search of petitioner's cell; and (2) trial counsel was ineffective for failing to object to the state's search of his cell and collection of his trial materials.

The state contends that petitioner's first claim is unexhausted and the second is procedurally defaulted.[1] It did not brief the merits of the claims. Because I conclude that

---

[1] As petitioner's custodian, Warden Reed A. Richardson is the respondent in this action. However, his role is as a representative of the State of Wisconsin.

petitioner's claims are exhausted, I will order the state to provide additional briefing on the merits.

BACKGROUND

Following a jury trial, in Outagamie County case number 2008CF268 petitioner Paul Adamski was convicted of repeated sexual assault of a child, child enticement and incest and two counts of third-degree sexual assault of a child. The circuit court sentenced petitioner to 45 years of prison confinement and 25 years of extended supervision. Petitioner's counsel filed a no-merit report under Wis. Stat. § 809.32 with the Wisconsin Court of Appeals, dkt. #23-1, which is Wisconsin's procedure for implementing Anders v. California, 386 U.S. 738 (1967). Petitioner responded, identifying several issues that he believed should be addressed on appeal. Dkt #23-2. The Wisconsin Court of Appeals agreed with counsel that there was no arguable merit to any appealable issues and affirmed the conviction. Dkt. #19-2; State v. Adamski, No. 2010AP2190 (WI App Dec. 12, 2012) (unpublished). Petitioner filed a petition for review with the Wisconsin Supreme Court, dkt. #19-3, which was summarily denied. Dkt. #19-5.

Petitioner filed a postconviction motion, arguing that his conviction should be reversed and that he was entitled to a new trial because the trial judge was disqualified from presiding in his criminal case because of a financial interest in the matter. Petitioner then filed a motion asking the trial judge to recuse himself from handling

2

petitioner's postconviction motions. For the next several years, petitioner continued to file letters, briefs, motions, supplements and exhibits in support of his bias claim and recusal request. In August 2016, the circuit court denied all of petitioner's postconviction motions without a hearing. Petitioner appealed, and the Wisconsin Court of Appeals affirmed. Dkt. #19-9; State v. Adamski, 2018 WI App 62, ¶ 1, 384 Wis. 2d 270, 921 N.W.2d 15, review denied, 2018 WI 111, ¶ 1, 384 Wis. 2d 466, 922 N.W.2d 297. The Supreme Court denied petitioner's petition for review. Dkt. #19-12.

Petitioner filed a habeas petition in this court on September 16, 2019, listing more than fifty grounds for relief. I directed petitioner to file an amended petition, and later directed the state to respond to two of the claims included in petitioner's amended petition: (1) postconviction/appellate counsel was ineffective for filing a no-merit appeal that failed to challenge the state's Brady violations, failed to challenge the effectiveness of trial counsel in preserving the Brady claims and failed to challenge the state's search of petitioner's cell; and (2) trial counsel was ineffective for failing to object to the state's search of his cell and collection of his trial materials.

OPINION

The state contends that petitioner did not exhaust either of his claims in state court, so he cannot obtain federal habeas review. The state argues that petitioner did not clearly present a claim of ineffective assistance of trial counsel in his no-merit response brief. In addition, the state argues that petitioner's claim challenging the effectiveness of

3

appellate counsel must be raised in a petition in the Wisconsin Court of Appeals under State v. Knight, 168 Wis. 2d 509, 484 N.W.2d 540, 545 (1992). Neither argument is persuasive.

An assertion that someone's counsel was ineffective for failing to pursue constitutional issues is a claim separate and independent from those issues. Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004). However, "where ineffective assistance claims are presented 'as a means to reach' the embedded claims and those claims are the real substance of a petitioner's challenge, we will consider them fairly presented." McGee v. Bartow, 593 F.3d 556, 567 n.9 (7th Cir. 2010) (citing Malone v. Walls, 538 F.3d 744, 755 (7th Cir. 2008)). In this instance, petitioner framed his habeas claims as challenging the effectiveness of trial and appellate counsel, but petitioner's habeas petition and accompanying brief show that he is actually seeking to challenge the alleged constitutional violations underlying the ineffective assistance claims. The underlying claims are: (1) the state violated petitioner's due process rights under Brady by failing to disclose impeachment material about one of the victims and a state witness, as well as a drawing by one of the victims; and (2) the state violated petitioner's due process rights and right to counsel by confiscating privileged materials from his jail cell and using them against a defense witness before trial.

Petitioner raised the underlying constitutional claims in his response to appellate counsel's no-merit brief. Dkt. #23-2. The Wisconsin Court of Appeals reviewed petitioner's brief and rejected his arguments. Petitioner filed a petition for review, which

4

was denied. Despite the state's arguments to the contrary, petitioner could not now raise these claims again in a Knight petition or other postconviction proceeding. State ex rel. Funches v. Smith, 2013 WI App 94, ¶ 7, 349 Wis. 2d 525, 835 N.W.2d 290 (arguments rejected in no-merit proceedings may not be relitigated in subsequent postconviction proceeding); State v. Witkowski, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991) ("A matter once litigated may not be relitigated in a subsequent postconviction proceeding."). Therefore, petitioner's claims are exhausted.

In sum, petitioner's claims are not barred from federal habeas review. I will order the state to provide additional briefing on the merits of petitioner's claims alleging Brady violations and challenging the search of his jail cell.

ORDER

IT IS ORDERED that

1. The respondent has until April 16, 2021 to submit supplemental briefing on the merits of petitioner's claims, as set forth above.

2. Petitioner may have until April 30, 2021 to file a response.

Entered this 25th day of March, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge