IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PAUL ALOIS ADAMSKI,

                  OPINION AND ORDER

          Petitioner,

                  19-cv-782-bbc

   v.

REED A. RICHARDSON,

         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Paul Alois Adamski has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2008 judgment of conviction for repeated sexual assault of a child, child enticement, incest and two counts of third-degree sexual assault of a child, on the grounds that: (1) the state violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose impeachment material about one of the victims and a state witness; and (2) the state violated his right to counsel and deprived him of a fair trial by confiscating privileged materials from his jail cell and using them against him before trial. The petition is fully briefed and ready for decision. As explained below, petitioner has failed to establish that the Wisconsin Court of Appeals unreasonably applied clearly established federal law when it rejected his claims and affirmed his conviction. Accordingly, his petition will be denied.

1

BACKGROUND

The following facts are drawn from the petition and state court records provided by petitioner and the state.

### A. Pretrial Search of Petitioner's Cell

In Outagamie County case number 2008CF268, petitioner Paul Adamski was charged with repeated sexual assault of a child, child enticement and incest, all with the same victim. He was also charged with three counts of third-degree sexual assault of a child with a different victim. Petitioner pleaded not guilty to the charges and the case proceeded to a jury trial in June 2009.

Richard Kowal had been petitioner's cellmate in August 2008. He contacted police before trial and told them that petitioner had confessed to the actions leading to the charges against him, in addition to other criminal activities. Kowal also told the police that there was evidence of petitioner's guilt in petitioner's cell. Law enforcement obtained a search warrant for petitioner's cell based on Kowal's statements. Dkt. #20-3. The warrant permitted police to search the cell for letters, documents and other writings that contained evidence of sexual assault of a child. During the search, police confiscated numerous documents that were not evidence of sexual assault, including letters, personal writings, pictures, articles, notes, and more than 53 pages of documents labeled "defense trial materials." Dkt. #20-5. The documents included petitioner's defense strategies, potential lines of questioning and potential trial evidence.

2

Petitioner's trial counsel moved to suppress the records seized from petitioner's cell and to dismiss the criminal charges based on the seizure of petitioner's tactical and strategic plans. Dkt. #20-14. Counsel argued that state's seizure of petitioner's strategic trial materials had denied petitioner the right to a fair trial and had invaded the attorney-client relationship. Dkt. #20-16. The circuit court denied the motion.

### B. Trial and Sentencing

At trial, the state presented testimony from law enforcement officers, investigators, a DNA analyst, a social worker, the two victims, and petitioner's step-daughter from his first marriage, who testified that petitioner had sexually abused her as well. The state also called Kowal, who testified that petitioner had confessed to him while they were cellmates. Kowal admitted that he had nine criminal convictions, but he stated that he did not receive any special treatment for his testimony. Petitioner testified on his own behalf, and his wife, his mother, his mother-in-law and one of his daughters also testified in his support.

The jury found petitioner guilty on five of the six counts and not guilty on one of the counts of third-degree sexual assault. The circuit court judge sentenced petitioner to 45 years of prison confinement and 25 years of extended supervision.

C. Postconviction Proceedings

Petitioner's appellate counsel filed a no-merit report under Wis. Stat. § 809.32 with the Wisconsin Court of Appeals, dkt. #23-1, which is Wisconsin's procedure for implementing Anders v. California, 386 U.S. 738 (1967). Petitioner responded, identifying several issues that he believed should be addressed on appeal. Dkt #23-2. Relevant here, petitioner contended that: (1) the state violated his rights under Brady by failing to provide the defense certain information about Kowal and one of the victims; and (2) the state invaded the attorney-client relationship and gained an unfair advantage at trial by confiscating and reviewing the defense preparation materials from his cell.

The Wisconsin Court of Appeals summarily affirmed the conviction, concluding that there was no arguable merit to any appealable issues. Dkt. #19-2; State v. Adamski, No. 2010AP2190 (WI App Dec. 12, 2012) (unpublished). The court stated that the evidence against petitioner was "substantial," and that the testimony of the victims was sufficient, by itself, to establish guilt. Id. at 2-3. The court noted that the victims' testimony was "generally consistent with their previous accounts of events, and was not significantly shaken on cross-examination." Id. The court also pointed to Kowal's testimony, as well as petitioner's inability to "provide a convincing explanation for why the victims testified as they did." Id. at 3. The court did not specifically address petitioner's Brady arguments or his argument about the defense documents obtained during the cell search. The court stated generally that petitioner had rased "several other issues," but "we decline to address them all in detail here." Id. The court also stated that

4

it had reviewed all of his arguments and found them "to be lacking arguable merit." Id. Petitioner filed a petition for review with the Wisconsin Supreme Court, dkt. #19-3, which was summarily denied. Dkt. #19-5.

Petitioner then filed a pro se postconviction motion, arguing that his conviction should be reversed and that he was entitled to a new trial because the trial judge was disqualified from presiding in his criminal case because of a financial interest in the matter. Petitioner also filed a motion asking the trial judge to recuse himself from handling petitioner's postconviction motions. For the next several years, petitioner continued to file letters, briefs, motions, supplements and exhibits in support of his bias claim and recusal request. In August 2016, the state circuit court denied all of petitioner's postconviction motions without a hearing. Petitioner appealed, and the Wisconsin Court of Appeals affirmed. Dkt. #19-9; State v. Adamski, 2018 WI App 62, ¶ 1, 384 Wis. 2d 270, 921 N.W.2d 15, review denied, 2018 WI 111, ¶ 1, 384 Wis. 2d 466, 922 N.W.2d 297. The Supreme Court denied petitioner's petition for review. Dkt. #19-12.

Petitioner filed a habeas petition in this court on September 16, 2019, listing more than 50 grounds for relief. I directed petitioner to file an amended petition, and later directed the state to respond to two of the claims included in petitioner's amended petition. Petitioner and the state both have now briefed the merits of the two claims.

OPINION

Petitioner contends that he is entitled to habeas relief because: (1) the state violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963) by failing to disclose impeachment material about Kowal and one of the victims; and (2) the state violated petitioner's right to counsel and deprived him of a fair trial by confiscating privileged materials from his jail cell and using them against petitioner's wife and petitioner's family before trial.

### A. Federal Habeas Standard

The first question is what standard of review applies to the petitioner's habeas petition. If a state court has adjudicated the merits of a habeas claim, a federal court may grant habeas relief only if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. §§ 2254(d)(1)–(2); Czech v. Melvin, 904 F.3d 570, 573 (7th Cir. 2018). This standard applies even if the state court provides no explanation for its rejection of a particular claim. Harrington v. Richter, 562 U.S. 86, 98 (2011) ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

In this instance, the Wisconsin Court of Appeals accepted appellate counsel's no-merit report and affirmed petitioner's conviction, but did not specifically discuss petitioner's arguments that he raised in his no-merit response brief based on purported Brady violations and the confiscation of materials from his cell. The court of appeals addressed several other arguments in detail, and then stated that it had reviewed petitioner's remaining arguments and found them to be "lacking arguable merit." Although the court of appeals did not specifically address all of petitioner's arguments, the court's decision constitutes a decision on the merits of petitioner's appeal, and is entitled to deference under § 2254(d). Richter, 562 U.S. at 98 (when "state court rejects a prisoner's federal claim without discussion, a federal habeas court must presume that the court adjudicated it on the merits unless some state-law procedural principle indicates otherwise"); Lee v. Avila, 871 F.3d 565, 567–68 (7th Cir. 2017) (state court decision is subject to deferential review where state court expressly addresses some, but not all of prisoner's claim) (citing Johnson v. Williams, 568 U.S. 289, 301 (2013)).

Thus, to succeed on his habeas petition, petitioner must show that the state had no reasonable basis on which to deny relief on his Brady claim or his challenge to the confiscation of materials from his cell. Richter, 562 U.S. at 100. This court must consider "arguments or theories" that could have supported the state court's decision, and then must determine whether "fair minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme] Court." Id. at 102.

B.  Brady Claim

Petitioner contends that the state violated his due process rights under Brady v. Maryland, 373 U.S. 83 (1963), and related law by failing to disclose that (1) Kowal, his former cellmate, received a $500 bond refund payment from the state shortly before testifying at petitioner's trial; and (2) one of the victims had been convicted of misdemeanor resisting or obstructing an officer in January 2009. Petitioner contends that the state had access to the information related to Kowal and the victim, that petitioner's counsel could have used the victim's testimony to help petitioner and that the state violated petitioner's due process rights by failing to disclose the information.

Under Brady, a defendant's due process rights are violated if the state withholds favorable evidence from the defense that is material to the defendant's guilt or punishment. Id. at 87. However, evidence is not suppressed for Brady purposes where it is "available to the defendant through the exercise of reasonable diligence." Badelle v. Correll, 452 F.3d 648, 658 (7th Cir. 2006). In this instance, petitioner concedes that the information about Kowal's bond refund and the victim's misdemeanor conviction were publicly available on Wisconsin's circuit court access program (CCAP), and that petitioner's defense counsel could have discovered the information himself. Under such circumstances, it would have been reasonable for the Wisconsin Court of Appeals to conclude that no Brady violation occurred. Snow v. Pfister, 880 F.3d 857, 867 (7th Cir. 2018) (affirming denial of habeas petition and concluding that it was "reasonable for the state court to determine that no Brady violation occurred" where the allegedly withheld

information was publicly available); United States v. Shields, 789 F.3d 733, 747 (7th Cir. 2015) (noting that documents were publicly available and concluding that documents were not suppressed under Brady); United States v. Morris, 80 F.3d 1151, 1170 (7th Cir. 1996) ("[T]he government will not be found to have suppressed material information if that information also was available to a defendant through the exercise of reasonable diligence.").

It also would have been reasonable for the Wisconsin Court of Appeals to conclude that the non-disclosed evidence was immaterial under Brady. Evidence is material under Brady if "there is a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different." Sims v. Hyatte, 914 F.3d 1078, 1087 (7th Cir. 2019) (citing Kyles v. Whitley, 514 U.S. 419, 433 (1995)). A "reasonable probability" exists if the suppression of the favorable evidence "undermines confidence in the outcome of the trial." Id. If the withheld evidence is impeachment evidence of a state witness, "courts must consider the overall strength of the prosecution case, the importance of the particular witness's credibility to the prosecution case, the strength of the concealed impeachment material, and how the concealed material compares to other attacks the defense was able to make on the witness's credibility." Sims, 914 F.3d at 1089.

Petitioner has not shown that the non-disclosed information about Kowal or the victim was material under Brady. He argues that the $500 bond refund from the state to Kowal would have undermined Kowal's testimony that he did not receive any special

treatment in exchange for his testimony against petitioner. However, petitioner has not shown that Kowal *did* receive the $500 payment in exchange for his testimony. Wisconsin's online court records, and petitioner's own evidence, shows that an assistant district attorney, who was not the attorney prosecuting petitioner's criminal case, requested that the criminal case against Kowal be dismissed and the $500 bond be returned to Kowal's sister, who had paid the bond, because Kowal had been extradited back to California. Dkt. #20-20. *See* Wis. Stat. § 969.03(5) ("If the complaint against the defendant has been dismissed . . . the entire sum deposited shall be returned. A deposit under sub. (1) (d) shall be returned to the person who made the deposit, his or her heirs or assigns. . . ."). Petitioner has not disclosed any evidence linking Kowal's testimony with the bond refund paid to Kowal's sister.

Even if a jury believed that Kowal's sister received the $500 bond refund in exchange for Kowal's testimony, the Wisconsin Court of Appeals could have reasonably concluded that such information would not undermine the outcome of petitioner's trial. The court noted that the victims' testimony was sufficient, by itself, to convict petitioner. The court pointed out that the victims' testimony was consistent with previous counts and was "not significantly shaken on cross-examination." Dkt. #19-2 at 2-3. In addition, petitioner had no plausible explanation for why the victims would lie. In short, the Wisconsin Court of Appeals could have reasonably concluded that the state did not need Kowal's testimony to convict petitioner.

As for the victim's misdemeanor conviction, petitioner provides no details about the conviction, why he thinks it would have been admissible or why he thinks it would have impeached the victim's credibility. In light of the court of appeals' determination that the victims' testimony was consistent and persuasive, despite defense counsel's attempts to impeach them and undermine their credibility, the court of appeals could have concluded reasonably that the non-disclosed misdemeanor conviction of one of the victims was immaterial.

In sum, petitioner has not identified any basis on which to conclude that the Wisconsin Court of Appeals' rejection of petitioner's Brady claims was based on an unreasonable application of clearly established federal law or fell "well outside" the boundaries of permissible differences of opinion. Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002) (federal court cannot grant habeas relief unless state court decision was "'unreasonable,' which means something like lying well outside the boundaries of permissible differences of opinion").

C. Right to Counsel

Petitioner next contends that the state violated his Sixth Amendment right to counsel and invaded the attorney-client relationship by confiscating trial preparation materials from his cell and using them against him at trial. The Sixth Amendment guarantees criminal defendants the right to counsel for their defense. "This right, fundamental to our system of justice is meant to assure fairness in the adversary criminal

11

process." United States v. Morrison, 449 U.S. 361, 364 (1981). In some cases, "prosecutorial violation of [the attorney-client] privilege might lead to reversal of a resulting conviction if the defendant can show prejudice." United States v. Castor, 937 F.2d 293, 297 (7th Cir. 1991). However, if the trial process "was not tainted as a result of [state misconduct], this defendant received the type of trial that the Sixth Amendment envisions." Nix v. Williams, 467 U.S. 431, 456 (1984) (Stevens, J., concurring) (citing Morrison; Weatherford v. Bursey, 429 U.S. 545 (1977)). Thus, a defendant is not entitled to any specific relief for invasion of the attorney-client relationship "[a]bsent demonstrable prejudice" to the defendant. Morrison, 449 U.S. at 365. See also Guajardo-Palma v. Martinson, 622 F.3d 801, 805–06 (7th Cir. 2010) (citing Weatherford, 429 U.S. at 554-59) ("interception of a criminal defendant's confidential communications with his lawyer is subject to harmless-error analysis").

The Wisconsin Court of Appeals did not specifically address petitioner's arguments about the confiscation of materials from his cell. However, it would have been reasonable for the court to conclude that the claim lacked merit because petitioner could not show that he suffered any prejudice or received an unfair criminal trial as a result of the state's confiscation of defense materials. Petitioner does not allege that any of the materials were introduced at trial, and he does not argue that the prosecutor used any of the materials to impeach him or other witnesses.

Petitioner argues that the lead investigator used the information from his cell to undermine his relationship with his wife, who was a key defense witness. However,

12

petitioner provides no details about which specific materials were used against his wife and whether those materials were protected by the attorney-client privilege. Petitioner mentions letters written by his wife, but does not explain how those letters would qualify as privileged attorney-client communications. United States v. Hamilton, 19 F.3d 350, 353 (7th Cir. 1994) (rejecting argument based on violation of attorney-client privilege where defendant "made no effort whatsoever to show that the information used allegedly in violation of the Sixth Amendment was privileged attorney-client information."). In addition, petitioner has failed to explain how the criminal proceedings were rendered unfair by the state's alleged attempts to undermine his marital relationship. Ultimately, petitioner's wife testified on his behalf at trial.

Petitioner also argues that the prosecutor used the materials from his cell in an attempt to persuade his family to pressure him into accepting a plea deal. Again, however, petitioner has not shown that he was prejudiced. He did not accept a plea deal and instead proceeded to trial. Under these circumstances, petitioner has failed to show that the Wisconsin Court of Appeals acted unreasonably in rejecting his argument that the state deprived him of the effective assistance of counsel or that he otherwise received an unfair trial as a result of the prosecutor and lead investigator reviewing materials confiscated from his cell.

D.  Certificate of Appealability

The only question remaining is whether to issue petitioner a certificate of appealability. Under Rule 11 of the Rules Governing Section 2254 cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires him to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004)(quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Although the rule allows the court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. Petitioner has not made a showing, substantial or otherwise, that his conviction was obtained in violation of clearly established federal law as decided by the Supreme Court. Because reasonable jurists would not otherwise debate whether a different result was required, I will not issue petitioner a certificate of appealability.

ORDER

IT IS ORDERED that petitioner Paul Alois Adamski's petition for a writ of habeas corpus is DENIED and he is DENIED a certificate of appealability.

Entered this 19th day of October, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge